State, Longstreet, pros., v. Jones, Collector.

THE STATE, MARY ANN LONGSTREET, ET AL., PROSECUTORS, v. GEORGE S. JONES, COLLECTOR OF HOLMDEL.

The shares of capital stock of The New York and Long Branch Railroad Company, in the hands of a stockholder, are exempt from taxation.

On *certiorari*.

Argued on briefs, at February Term, 1875, before Justices WOODHULL, VAN SYCKEL and SCUDDER.

For the plaintiffs, *Pitney*.

For the defendant, *Wilson*.

The opinion of the court was delivered by

VAN SYCKEL, J.   The prosecutors were assessed in 1873, for $21,000 of the capital stock of " The New York and Long Branch Railroad." The commissioners of appeal of Holmdel refused to remit the assessment.

By the 15th section of the charter of the said company, (*Laws*, 1868, *p.* 859,) it is provided " that, as soon as the said railroad, or any part of it, is in operation, the president of the said company shall file, under oath, a statement of the amount of the cost of the railroad, including equipments, &c., in the office of the secretary of state ; and after the said railroad, or any part thereof, shall be in operation, the said company shall

pay to the treasurer of this state a tax of one-half of one per centum on the cost, equipment and appendages of said road, and such other taxes as may be assessed from time to time by a general law applicable to all railroads over which the legislature shall have power for that purpose at the time of the passage of such laws ; and until the said railroad, or any part thereof, shall be in operation, the said corporation shall be regularly assessed and pay tax for the value of its real estate, including improvements thereon, and personal property, as now taxed in the city or cities, township or townships wherein it lies, at the same time and rate, and in the same manner, for the same purpose, and by the same person or persons as other taxes assessed in said city or cities, township or townships ; *provided, that no other tax or impost shall be levied or assessed upon said company."*

In this section there are two modes provided for the taxation of this company—

*First.* Before a statement is filed in the office of the secretary of state, it is to be assessed and pay tax for the value of its real estate, including improvements thereon, and personal property in the same manner as natural persons ; and,

*Secondly.* After such a statement has been filed, it shall pay a tax of one-half of one per cent. on the cost, equipment and appendages of the road, annually, and such other taxes as may be assessed by a general law applicable to all railroads.

The proviso at the end of the 15th section of the charter exempts the railroad company from the payment of any other tax or impost, whether it is assessed in the one mode or the other, and, therefore, it is immaterial, so far as the company is concerned, whether a statement has been filed or not. If no statement has been filed, the company must be assessed in the mode prescribed by its charter, and cannot be assessed in any other manner. In 1873 no statement had been filed by the company, and it was, therefore, subject to be taxed for its real estate, including improvements thereon, and personal property, and, in the language of the charter, no other tax or impost could be levied or assessed upon it. The question in

this case will be solved by determining whether the clause exempting the railroad company from further tax or imposts will operate as an immunity to the holders of its stock.

This is not an open question in this state. The proviso in the charter under consideration is precisely like that of the Camden and Amboy Railroad Company, and the Morris and Essex Railroad. In *The State* v. *Branin*, 3 *Zab.* 484, and in *The State* v. *Bentley*, 3 *Zab.* 532, the Supreme Court held that this language in a charter exempted the company from other than the specified burdens, and that its stock in the hands of its shareholders was included in the exemption.

But, independent of this consideration, the assessment for the value of its real estate, including improvements thereon, and its personal property, which would include all money received from contribution to its capital stock, would be equivalent to an assessment upon its capital stock paid in, and its accumulated surplus, and would bring it within the spirit and policy of the 15th section of the act of April 11th, 1866, (*Nix. Dig.* 954,) which exempts the stockholders from assessment.

In my opinion, the assessment against the prosecutors for this stock should be set aside, with costs.

Justices WOODHULL and SCUDDER concurred.